IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDDIE BUSBY QUIMBY,
        Plaintiff,                                      Civil No. 08-1057-SU

      vs.                                        FINDINGS AND RECOMMENDATION

KENT AVESON and ASHDOWN
PROJECT LLC,

        Defendants.

SULLIVAN, Magistrate Judge:

      Freddie Busby Quimby, a resident of Baker County, Oregon, brings this action against Kent Aveson and Ashdown Project LLC ("Ashdown") asserting state law claims for conspiracy, fraud, abuse of power, lying, breach of contract and theft of services, and seeking damages in the amount of $4 million dollars. Aveson, general manager of Ashdown, is a Nevada resident. Ashdown is a Nevada corporation with its principal place of business in Sparks, Nevada. (Aveson Aff. ¶ 2.)

Page - 1 - FINDINGS AND RECOMMENDATION

Quimby is a mining consultant who performs services "throughout the Western States." (Compl. ¶ 2.) Quimby was hired by Ashdown to work at Ashdown's mine in Denio, Nevada.

Ashdown moves to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(3) for improper venue. Fed. R. Civ. P. 12(b)(2) and (3). Alternatively, Ashdown seeks an order transferring this case to the District of Nevada under 28 U.S.C. § 1406(a). While Aveson asserts that he has not been served and has made no appearance in the case, he did file a declaration in his capacity as General Manager on behalf of Ashdown. Quimby opposes Ashdown's motion to dismiss his complaint. For the reasons that follow, Ashdown's Motion to Dismiss for lack of personal jurisdiction should be granted. Alternatively, the court finds venue is improper and this case should be transferred to the District of Nevada.

*Background*

Quimby alleges that he was hired by Ashdown as a consultant to "clean up the Mine and Offices." (Compl. ¶ 3.) He alleges that he was wrongfully fired by Ashdown as a result of a conspiracy, abuse of power and fraud. Quimby also alleges that Ashdown breached the contract between the parties for failing to provide a vehicle for Quimby, failing to pay expenses, vacation and sick leave, bonus and severance pay. (Compl. Claim 5.) Quimby alleges theft of services as a result of Ashdown's failure to pay him a bonus.

Quimby alleges he interviewed for the position in Denio, Oregon.[1] The parties agree that all work performed pursuant to Quimby's employment occurred at the mine site in Denio, Nevada. Quimby alleges that the court has personal jurisdiction over Aveson and Ashdown and that venue

---

[1] This is most likely an error as Quimby has alleged that Ashdown is located in Denio, Nevada. (Compl. ¶ 1.)

Page - 2 - FINDINGS AND RECOMMENDATION

is proper in Oregon because Aveson stayed in a motel in Fields, Oregon; Ashdown purchases fuel in Oregon; Ashdown purchased equipment that was manufactured in Portland, Oregon; Aveson advertises on an Ashdown website; Aveson hired other contractors from Oregon; and, that Ashdown sells on the stock market.

In his declaration, Aveson states that he is the general manager for Ashdown, a Nevada limited liability company with its principal corporate office in Sparks, Nevada, and primary mining operations in Denio, Nevada. Aveson states that no Ashdown representatives travel to Oregon for business purposes; Quimby solicited employment with Ashdown; Quimby was hired and worked at the mine in Denio; and, the written employment agreement between Ashdown and Quimby was drafted and executed in Denio. Aveson also states that he is a resident of Elko, Nevada; he has never traveled to Oregon for business or otherwise; and, he did not travel to or advertise in Oregon for purposes of hiring Quimby or any other employee.

*Discussion*

**I.    Personal Jurisdiction**

As a threshold matter, the court must determine whether there is personal jurisdiction over defendant Ashdown. While Quimby seems to assert that Aveson was served at the Ashdown office in Reno, Nevada, no return of service has been filed and Aveson has not appeared as a party in the case. However, even if Aveson has properly been served, for the reasons stated below, the court lacks personal jurisdiction over both Ashdown and Aveson.

    A.    **Standards**

Page - 3 - FINDINGS AND RECOMMENDATION

Plaintiff bears the burden of establishing personal jurisdiction over defendant. *Rano v. Sipa Press, Inc,* 987 F.2d 580, 587 & n.3 (9th Cir. 1993). When a court does not conduct an evidentiary hearing, but makes its jurisdictional decision based upon pleadings and affidavits, plaintiff is required merely to make a *prima facie* showing of personal jurisdiction to defeat a motion to dismiss. *Id.* Plaintiff need only demonstrate facts that, if true, would support jurisdiction over defendant. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995). Conflict between the facts contained in the parties' statements must be resolved in plaintiff's favor for purposes of deciding whether personal jurisdiction exists. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

The power of a federal court to hear a case where defendant claims lack of personal jurisdiction in a diversity action depends on two independent factors. First, applicable state law must purport to confer personal jurisdiction over defendant. Second, the assertion of personal jurisdiction must conform with constitutional principles of due process. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945). Where, as in Oregon, the state's long-arm statute confers jurisdiction to the extent permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, *see* Oregon Rules of Civil Procedure 4L; *State ex rel Hydraulic Servocontrols, Inc. v. Dale,* 294 Or. 381, 384 & n.2, 657 P.2d 211 (1982), the analysis results in a single inquiry: does the exercise of jurisdiction comport with federal constitutional principles of due process.

Due process requires that a defendant, if not present in the state, "have certain minimum contact with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316. Minimum contacts can be shown through facts supporting either general or specific (or limited) jurisdiction over defendant. *See Helicopteros*

Page - 4 - FINDINGS AND RECOMMENDATION

*Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.8-9 (1984). The inquiry here is whether there is general or specific jurisdiction over defendants based on the facts alleged by Quimby.

      B.      General Jurisdiction

General jurisdiction allows a court to hear an action involving defendant regardless of whether the claims arose from defendant's activities within the forum state. *Helicopteros,* 466 U.S. at 415. General jurisdiction requires that the nonresident has certain "minimum contacts" with the forum state, *Calder v. Jones,* 465 U.S. 783, 788-90 (1984), and the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice. *Id.* General jurisdiction exists when "a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if [plaintiff's claims are] unrelated to those activities." *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *Data Disc, Inc. V. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1287 (9th Cir. 1977). "The standard for establishing general jurisdiction is fairly high and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters,, Inc. v. Augusta Nat'l*, 223 F.3d 1082, 1086 (9th Cir. 2000) (quotation and citation omitted), *modified on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

Quimby states that Aveson "lived" in a motel in Fields, Oregon,[2] that Ashdown purchases its fuel in Oregon, that Ashdown purchased some equipment manufactured in Oregon, and advertises on a website. Quimby also alleges that Ashdown hired contractors from "Oregon State", uses "this"

---

[2] Quimby also alleges Aveson resides in Denio, Nevada, "most of the time," which is inconsistent with his argument above.

Page - 5 - FINDINGS AND RECOMMENDATION

company located in Oregon, and met with "this Contractor in Oregon on several occasions to discuss projects when the Defendant lived in Oregon."[3]

Viewing Quimby's statements regarding Aveson's and Ashdown's activities as true, those activities cannot be considered "substantial" or "continuous and systematic contacts" that rise to the level of a "physical presence" in Oregon. Purchasing fuel in Oregon, even on a regular basis, and the purchase of equipment manufactured in Oregon (Quimby does not allege the equipment was *purchased* in Oregon) does not establish Ashdown's presence in Oregon for purposes of general jurisdiction. Additionally, maintaining a website accessible by anyone capable of using the Internet, including people in Oregon, is insufficient to establish "continuous and systematic" contacts warranting general jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Ashdown's contacts with Oregon are quite different from those of a nonresident with an office, employees, bank accounts, board of director meetings and other significant corporate or mining activities in Oregon. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952).

Quimby is unable to establish general jurisdiction over Ashdown or Aveson in Oregon.

B.   Specific Jurisdiction

A court has specific jurisdiction over a nonresident whose contacts with the state are not substantial if plaintiff's claims arise out of defendant's forum-related activities. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir. 1986). Specific jurisdiction is determined by a three part test: (1) the nonresident defendant must purposefully direct his

---

[3] Quimby's references, even if true, are so vague that it is unclear who the other contractor is upon which he relies.

activities or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum state; (2) the claim must be one arising out of or relating to defendant's forum related activities; and (3) the exercise of jurisdiction must be reasonable. *See, e.g., Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

A party "purposely avails" itself of the privilege of conducting activities in a forum state if it directs its activities at the residents of the forum state. *Burger King Corp. V. Rudzewicz,* 471 U.S. 464, 475 (1985). Purposeful availment is shown if defendant has taken deliberate actions with the forum state or if it has created continuing obligations to forum residents. Physical presence is not required as long as a commercial party's efforts are directed toward residents of another state. Although sporadic or isolated contacts may support personal jurisdiction if such contacts create a "substantial connection" with the forum state, the contacts must be more than random, fortuitous, or attenuated. *Id.*

Viewing Quimby's allegations as true, the court finds that neither Ashdown nor Aveson would reasonably anticipate being haled into an Oregon court based on the conduct of staying in a motel in Oregon, purchasing fuel in Oregon, purchasing two pieces of equipment manufactured in Oregon, advertising on a website, and hiring contractors from Oregon. *See Hunt v. Erie Insurance Group,* 728 F.2d 1244, 1247 (9th Cir. 1984).

Under Ninth Circuit law, a claim is "related to" or "arises out" of a defendant's forum-related activities if plaintiff would not have a claim "but for" defendant's contacts with the forum. *Doe v. Am. Nat'l Red Cross,* 112 F.3d 1048, 1051-52 (9th Cir. 1997). Under Oregon law, a claim "arises out of" or "is related to" activities in Oregon if the contact with the forum state is "substantively

relevant to the cause of action." *State ex rel Michelin v. Wells,* 294 Or. 296, 302-03, 657 P.2d 207 (1982). While the Oregon Supreme Court's interpretation is narrower than the Ninth Circuit's "but for" test, *see State ex rel Circus Circus Reno, Inc. v. Pope,* 317 Or. 151, 161, 854 P.2d 461, 466 (1993), the result here is the same regardless of the test employed. Quimby's claims fail to arise out of any forum related activity by either Aveson or Ashdown. Quimby admits that Ashdown did not solicit him for employment at its mine in Nevada, rather Quimby sought out the position.

Finally, to determine whether the exercise of specific jurisdiction is reasonable, the court must weigh the following factors: (1) the extent of defendants' purposeful injection into the forum; (2) defendants' burden of litigating in the forum; (3) extent of conflict with the sovereignty of defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Theo H. Davies & Co. V. Republic of the Marshall Islands,* 174 F.3d 969, 975 n.4 (9th Cir. 1999); *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 561 (9th Cir. 1995). No single factor is dispositive. *Terracom*, 49 F.3d at 561.

As explained above, Ashdown and Aveson had very little contact or "purposeful injection" into Oregon. Moreover, Oregon has no clear interest in resolving matters of alleged fraud, conspiracy or breach of an employment contract perpetrated outside its border. Rather, litigating in Oregon would be burdensome on Ashdown and Aveson and would not necessarily provide the most efficient and effective relief to either party. Here, the District Court in Nevada would be an appropriate alternative forum.

This court has neither general nor specific jurisdiction over Quimby's claims and, accordingly, his Complaint should be dismissed under Rule 12(b)(2) for lack of personal

jurisdiction. Alternatively, for the reasons set forth below, the District of Oregon is not the proper venue for Quimby's claims and his Complaint should be dismissed under Rule 12(b)(3) for improper venue.

## II.    Venue

Ashdown contends that Quimby's Complaint was filed in the wrong court and that the District of Nevada is the appropriate forum. Accordingly, Ashdown moves to dismiss Quimby's claims for improper venue in the District of Oregon under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

Venue in actions based on diversity jurisdiction is governed by 28 U.S.C. § 1391(a), which provides, in part, that: "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. Sec. 1391(a).

Here, Ashdown and Aveson reside in Nevada and, as discussed above, the events giving rise to Quimby's claims occurred in Nevada. Additionally, this action may have been brought in the District of Nevada based on the place of residence for Ashdown, *see* 28 U.S.C. 1391(c), and Aveson and because a substantial part of the events giving rise to Quimby's claims occurred there. Accordingly, venue is improper in the District of Oregon under section 1391(a). If venue is found to be improper, the court shall dismiss the case or transfer it to the district in which it could have been brought. *See* 28 U.S.C. § 1406(a). As set forth above, Quimby could have filed his Complaint

Page - 9 - FINDINGS AND RECOMMENDATION

in the District of Nevada and, thus, a transfer to Nevada would be appropriate.

In sum, the court finds personal jurisdiction in Oregon is lacking and the Motion to Dismiss should be granted. Alternatively, the court recommends that, if personal jurisdiction is found to exist, the proper venue for this action is Nevada.

## RECOMMENDATION

Based on the foregoing, Ashdown's Motion to Dismiss or in the Alternative for Change of Venue (doc. #4) should be GRANTED.

Dated this 11th day of February, 2009.


    /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge


## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **February 25, 2009**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.